UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN AFTERGOOD ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05CV01307 (RBW) |
| ) | |
| v. ) | (ECF) |
| ) | |
| NATIONAL RECONNAISSANCE OFFICE ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant hereby moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because there is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law.

In support of this motion, Defendant respectfully submits the attached memorandum of points and authorities with attachments, a statement of material facts not in genuine dispute, and a proposed order.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 353-9895

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEVEN AFTERGOOD | ) |
| Plaintiff, | ) Case No. 1:05CV01307 (JBW) |
| v. | ) (ECF) |
| NATIONAL RECONNAISSANCE OFFICE | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**I.  BACKGROUND**

This is an action under the Freedom of Information Act (FOIA)  5 U.S.C. § 552.  On 22 March 2005, Plaintiff submitted a FOIA request to the National Reconnaissance Office ("NRO") seeking a copy of all unclassified portions of the NRO Congressional Budget Justification Book (CBJB) for Fiscal Year 2006.  On 29 March 2005, the NRO denied the request on the grounds that should any responsive records exist, they would be contained in operational files which according to the Intelligence Authorization Act for 2003 (IAA), are exempt from the search and review provisions of the FOIA.  On 7 April 2005, Plaintiff submitted an appeal of the denial. On 18 May 2005, the NRO denied again citing the operational file exemption. On 30 June 2005, the Plaintiff filed a Complaint for Declaratory and Injunctive Relief under the FOIA.

## II.  STANDARD OF REVIEW

FOIA cases are generally decided on the basis of motions for summary judgment.  See, e.g., Public Employees for Envtl. Responsibility v. EPA, 978 F. Supp. 955, 959 (D. Colo. 1997).  Such motions are governed by Rule 56 of the Federal Rules of Civil Procedure.  That rule provides, in part, that the "judgment sought shall be rendered forthwith if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material facts."  Fed. R. Civ. P. 56.

In a FOIA case, summary judgment may be granted solely on the basis of agency affidavits if they are clear, specific, and reasonably detailed; if they describe the withheld information in a factual and non-conclusory manner; and if there is no contradictory evidence on the record or evidence of agency bad faith.  See Western Ctr. for Journalism v. IRS, 116 F. Supp. 2d 1, 7 (D.D.C. 2000) (citing Hayden v. NSA, 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

In 1986, the Supreme Court issued three opinions that clarified the standards governing consideration of motions for summary judgment under Fed. R. Civ. P. 56.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex at 322; Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any material fact, summary judgment is required.  Anderson, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247. The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case. Celotex, at 325. "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of evidence to support the non-moving party's case." Id. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial. Matsushita, 475 U.S. at 586. Fed. R. Civ. P. 56 requires the party opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986). To avoid summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief.

In an opinion issued the same day as Celotex, the Supreme Court explained the circumstances where summary judgment is appropriate: "if the evidence is merely colorable . . . or is not sufficiently probative . . . summary judgment may be granted . . . (T)he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown. Fed. R. Civ. P. 56(e) (the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial."). See also Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp.,

836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996).

The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *See* Anderson, 477 U.S. at 247-248. Perhaps most significantly, the Court authorized weighing the evidence at the summary judgment stage of litigation, stating that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for a trial.'" Id. (citation omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249-250 (citations omitted). If the evidence is "merely colorable, or is not significantly probative," or the record taken as a whole could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper." Id.; Matsushita, 475 U.S. at 587.

Thus, the non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," (Matsushita at 586), or with "conclusory allegations . . . unsubstantiated assertions, . . . or a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Importantly for this case, "[b]y pointing out the absence of evidence to support the nonmoving party's case, the moving party can demonstrate that there is no genuine issue as to any material fact, therefore entitling it to summary judgment." Shelborne v. Runyon, 1997 WL 527352 at **3, *citing* Celotex, 477 U.S. at 325.

In Celotex, the Supreme Court further instructed that the "(s)ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of

4

every action.'" Celotex, 477 U.S. at 327 (*quoting* Fed.R.Civ.P. 1).  A court should grant summary judgment if the moving party submits affirmative evidence that negates an essential element of the nonmoving party's claims or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.  Celotex, 477 U.S. at 331.

## IV.  ARGUMENT

For most information possessed by the government, Congress has determined that the risk of occasional unknowing disclosure of facts entitled to be withheld under FOIA is outweighed by the benefits of openness.  But it has not made that judgment for all information. See, e.g., 50 U.S.C.A. § 431 (exempting Central Intelligence Agency operational files from FOIA).  Church of Scientology v. IRS, 792 F.2d 153 (D.C. Cir. 1986).  In the Fiscal Year 2003 Intelligence Authorization Act (IAA) Congress again determined that certain government information should be exempt, not just from release under the FOIA, but also from the search and review process.  Section 502 of the IAA for 2003, Public Law 107-306 codified at 50 U.S.C. §432a, provides that the Director, NRO with the coordination of the Director of National Intelligence (previously the Director of Central Intelligence ("DCI")), may exempt operational files of the NRO from the search and review provisions of the FOIA.[1]

Pursuant to the authority granted by the 2003 IAA, the Director of the NRO proposed a list of operational files for designation under the Act. (Defendant's Exhibit 1 paragraph 12; hereinafter, DEX # ¶ #) and DEX 1 TAB E.  The proposed list includes a section entitled Budget and Finance

---

[1] The Director of National Intelligence (DNI) was created by the Intelligence Reform and Terrorism Prevention Act of 2004, 108 P.L. 458.  The DNI took over many functions previously performed by the DCI.

Records Files. DEX 1 ¶ 12 and TAB E. The proposed list defined Budget and Finance records as those "pertaining to budget formulation, execution and review .... Included are consolidated budget estimates and **justifications**." DEX 1 ¶ 13 and TAB E (emphasis added). The proposed list, including the provisions governing Budget and Finance Records, was approved by then Director of Central Intelligence George Tenet on April 8, 2003. DEX 1 ¶ 12 and TAB E.

The Congressional Budget Justification Book could not be more clearly included in the approved list of operational files exempt from search and review. The CBJB is a budget estimate and justification for all NRO programs. DEX 1 ¶ 14. This is precisely what the Director of the NRO proposed and the DCI approved for inclusion in the list of exempt operational files.

The CBJB also clearly meets the statutory definition of an Operational File. 50 U.S.C. §432a (2)(A) defines Operational Files, as files of the NRO which "document the means by which foreign intelligence or counterintelligence is collected through scientific and technical means." The CBJB contains detailed information on the means and methods used by the NRO to collect intelligence[2] (DEX 1 ¶ 15) and is a virtual road map to the NRO's highly sensitive programs. DEX 1 ¶ 14.

Plaintiff argues in his complaint that the CBJB cannot be an operational file because it was disseminated to Congress. However, 50 U.S.C. §432a does not exempt all disseminated files from the definition of operational files, but rather only those disseminated files which are the sole repository of disseminated intelligence. The CBJB neither contains intelligence, nor is it the sole repository of the information contained within it. DEX 1 ¶ 15. Congress first granted an intelligence agency a limited exemption for operation files in the CIA Information Act, 50 U.S.C. §§ 431-32.

---

[2] 50 U.S.C. § 401(a) defines intelligence as consisting of foreign intelligence and Counterintelligence.

This act passed in 1984 contains an identical provision preventing files which are the sole repository of disseminated intelligence from being included as operational files. 50 U.S.C. § 431(a). In discussing the proposed CIA Information Act, the House Intelligence Committee explained that Congress was concerned with the very rare case where intelligence products of extremely sensitive sources were maintained solely by the same entity which collected the information and disseminated directly to policy makers, without being shared or stored in the files of any other intelligence component. H.R. Rep. 98-726(I), 1984 U.S.C.C.A.N 3741 p. 19. Amalgamations of information concerning the means and methods of collecting intelligence was not the type of file precluded from the definition of operational files. The dissemination of the CBJB to Congress in the budget process does not preclude it from being an operational file. The CBJB is not the sole repository of any intelligence.

Review and subsequent release of portions of CBJB's from years prior to the 2003 passage of 50 U.S.C. §432a are completely irrelevant to this case. Prior to the enactment of this statute, operational files were subject to search and review and if not exempt, release under the FOIA. 50 U.S.C. §432a(1) specifically exempts from publication, disclosure, search and review any records designated under the act. Clearly this statute significantly changed the status of operational files of the NRO, such as the CBJB. It is therefore not surprising that such documents which were created before the passage of the statute, would be treated differently that those created after passage.

## V. CONCLUSION

Plaintiff brings this action under the Freedom of Information Act (FOIA) 5 U.S.C. § 552, however 50 U.S.C. § 431(a), makes the FOIA inapplicable to the files requested. There are very few facts in this case and those few are not in genuine dispute. The files requested by plaintiff are the

unclassified portions of the budget justification sent by the NRO to Congress. Budget justifications are a category of operational files proposed by the director of the NRO and approved by the DCI. As such summary judgment should be granted the Government.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-9895