UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN AFTERGOOD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:05CV01307 (RBW) |
| NATIONAL RECONNAISSANCE OFFICE, | ) |
| Defendant. | ) |

**MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*
IN SUPPORT OF PLAINTIFF**

The National Security Archive (the "Archive") moves this Court for leave to participate as *amicus curiae* in support of Plaintiff Steven Aftergood ("Mr. Aftergood"). The Archive seeks leave to participate for four reasons: the plaintiff is proceeding *pro se*, this is a matter of first impression, the decision of the court will have implications for a broad swathe of the public who request records under the Freedom of Information Act, and the Archive has a depth of knowledge about these issues that can assist the court in reaching the correct resolution of the matter. A proposed Order is submitted with this motion.

**THE ARCHIVE'S INTEREST**

The Archive is an independent non-governmental research institute and library located at The George Washington University in Washington, D.C.[1] The Archive

---

[1] The National Security Archive discloses that it is a project of the National Security Archive Fund, Inc. The National Security Archive Fund, Inc. is a not-for-profit

collects and publishes declassified documents acquired through the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. It has published more than 500,000 pages of declassified documents in various formats, all pursuant to the core purpose of FOIA "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber*, 437 U.S. 214, 242 (1978).

This case concerns an exception from the search and review requirements of the FOIA for operational files of an intelligence agency.[2] The Archive's research and publication activities frequently concern intelligence matters.[3] As a result, the Archive

---

corporation established under the laws of the District of Columbia. The National Security Archive Fund, Inc. has no parent corporation and no stock, thus no publicly held corporation owns 10 percent or more of its stock. The Archive identifies that its general nature and purpose is to promote research and public education on U.S. governmental and national security decisionmaking and to promote and encourage openness in government and government accountability. The Archive has no members, thus no member has issued shares or debt securities to the public.

[2]   The Archive refers to 50 U.S.C. § 432a as an "exception" rather than an "exemption" because files that are designated as operational files under that provision are not subject to search and review under the FOIA. Thus, this case does not concern one of the nine specifically enumerated FOIA exemptions. *See* 5 U.S.C. § 552(b)(1)-(9).

[3]   In 1989, the D.C. Circuit expressly recognized the Archive as a representative of the news media. *National Security Archive vs. U.S. Dep't of Defense*, 880 F. 2d 1381 (D.C. Cir 1989), *cert. denied* (Mar. 19, 1990). Since that time, the Archive's publications have expanded dramatically and the Archive's journalistic work has received numerous awards, including most recently a 2005 Emmy award for outstanding achievement in news and documentary research, presented by the National Television Academy at the 26th Annual News & Documentary Emmy Awards ceremony. Archive fellows and analysts have authored over 40 books published by well-respected publishing houses, with broad distribution. The Archive also has published 26 substantial document sets, along with indexes and finding aids, that are broadly distributed through universities, libraries, and research institutes around the world. In addition, articles written by Archive analysts have appeared in *The Washington Post*, *The New York Times*, *The Wall Street Journal*, *Congressional Quarterly*, *The LA Times*, *Harpers Magazine*, *The Miami Herald*, *The Nation*, *The Guardian*, *Vanity Fair*, *The Bulletin of the Atomic Scientists*, *World Policy Journal*, *Foreign Affairs*, *Foreign Policy*, *Newsweek*, *The International*

has monitored the use of operational files exceptions across the intelligence agencies. The Archive participated in the 1994 and 2004 Decennial Reviews of the Central Intelligence Agency's operational files exception; its General Counsel testified at a briefing for a subcommittee of the Senate Armed Services Committee on a proposed operational files Freedom of Information Act Exception in 2003; and the Archive has published a number of electronic briefing books concerning the use and history of operational files exceptions. Thus, among non-governmental institutions, the Archive has significant knowledge about operational files exceptions.

The Archive seeks to file an *amicus* brief in support of Mr. Aftergood in order to present the Court with a full understanding of the purpose and use of operational files exceptions, as well as the legislative history for the operational file exceptions. The Archive has participated in many lawsuits in this Court, in the United States Court of Appeals for the D.C. Circuit, and in the United States Supreme Court both as a party and as an *amicus curiae*.[4] Because the manner in which operational files exceptions are applied by agencies has bearing on individuals and organizations beyond Mr. Aftergood, regardless of the outcome in this particular case, the participation of the Archive will assist the Court in tailoring its decision to the facts of the case before it.

**ARGUMENT**

The Archive seeks leave to participate in this proceeding for four reasons: the plaintiff is proceeding *pro se*, this is a matter of first impression, the decision of the court

---

*Journal of Intelligence and Counterintelligence*, *International Security*, *Intelligence and National Security* and other publications. Finally, the Archive actively distributes electronic newsletters, at no cost, on an almost weekly basis to over 7,000 subscribers.

[4]  *E.g., National Security Archive v. Dep't of Air Force*, Civil Action 05-0571 (RMC); *Piper v. U.S. Dep't of Justice*, Civ. No. 04-5198 (D.C. Cir.) (*amicus* brief filed in pending appeal).

will have implications for a broad swathe of the public, and the Archive has a depth of knowledge about these issues that can assist the court in reaching the correct resolution of the matter. Further, the Archive's participation will not interfere with the briefing schedule already established in this matter.

First, Mr. Aftergood is quite knowledgeable about secrecy policy and the facts of his individual claims, but he is not an attorney. Thus, the Court will benefit from a more legally-oriented exposition of the issues raised by this case.

Second, to date, operational files exceptions have been litigated in only a handful of reported judicial decisions. *See Sullivan v. CIA*, 992 F.2d 1249, 1251 (1st Cir. 1993); *Hunt v. CIA*, 981 F.2d 1116, 1121 (9th Cir. 1992); *ACLU v. Dep't of Defense*, 351 F. Supp. 2d 265, 270-78 (S.D.N.Y. 2005); *Davy v. CIA*, 357 F. Supp. 2d 76, 82-83 (D.D.C. 2004). None of these cases concerned the proper designation of operational files or involved the operational files exception of the National Reconnaissance Office. Thus, this is a case of first impression. In such a situation, the Court can benefit from a broad exposition of the issues and the implications of its possible decisions.

Third, how the National Reconnaissance Office applies its operational files exception in responding to FOIA requests has broad effects beyond this case. The use of the operational files exception at intelligence agencies effectively removes those files from application of the Freedom of Information Act. In the past year the Archive has been contacted by several independent journalists who have been denied records requested under FOIA by the National Reconnaissance Office pursuant to its operational files exception. Accordingly, the manner in which the exception is applied by the agency

will impact a wide range of members of the public who make FOIA requests beyond Mr. Aftergood and beyond the Archive.

Fourth, the Archive has extensive experience with operational files that puts it in a position to present the Court with a useful perspective on the issues in this case.  As noted above, the Archive participated in the 1994 and 2004 Decennial Reviews of the CIA's operational file exemption;[5] its General Counsel testified at a briefing on a proposed operational Files Freedom of Information Act Exemption before a subcommittee of the Senate Armed Services Committee in 2003; and the Archive has published a number of electronic briefing books concerning operational files exceptions, including one describing the history of the Central Intelligence Agency's operational file exception.[6]  Few other individuals or organizations can present such an extensive body of work concerning operational files exceptions.  Thus, the Archive can offer the Court a relevant perspective that will aid in evaluation of this case of first impression.

Finally, the Archive's *amicus* brief will not be duplicative of the parties' own filings and will not delay the litigation.  The Archive has had the opportunity to review Mr. Aftergood and the Government's cross-motions for summary judgment and intends to present arguments that are not presented in those legal briefs.  In addition, the current schedule sets a deadline of January 9, 2006 for filing oppositions to summary judgment and January 25, 2006 for filing replies in support of the cross motions for summary judgment.  If the *amicus* brief is filed on the opposition date of January 9, 2006 then the parties will have sufficient time to respond to amicus' arguments in their replies.

---

[5]     *See* Electronic Briefing Books, available at http://www.gwu.edu/~nsarchiv/news/20050121/index.htm and http://www.gwu.edu/~nsarchiv/NSAEBB/NSAEBB138/index.htm.

[6]     *Id.*

The Archive conferred with both parties prior to filing this motion. Mr. Aftergood has informed the Archive that he consents to its filing an *amicus* brief in this case. The government does not consent to this motion.

Accordingly, for the reasons presented herein, the Archive respectfully requests that the Court grant its motion for leave to participate as *amicus curiae* and permit it to file a brief of *amicus curiae* in support of plaintiff on January 9, 2006. A Proposed Order has been submitted with this motion.

Respectfully submitted,

---S---

Meredith Fuchs
General Counsel
National Security Archive
George Washington University
Gelman Library Suite 701
2130 H Street, NW
Washington, DC   20037
D.C. Bar No. 450325
Tel. 202-994-7000
Fax. 202-994-7005

DATED:  December 12, 2005