UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN AFTERGOOD<br>2501 M Street NW, Apt.706<br>Washington, DC  20037<br>(202)454-4691<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RECONNAISSANCE OFFICE<br>14675 Lee Highway<br>Chantilly, VA  20151-1715<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:05CV01307<br>)<br>)<br>)<br>)<br>)<br>) |

DECLARATION

PAMELA S. TENNYSON, hereby declares under penalty of perjury, pursuant to 28 U.S.C. §1746:

1.  I am the Deputy Director for Administration ("DDA") for the National Reconnaissance Office ("NRO"). I was appointed to my current position on 27 October 2003. As part of my official duties, I serve as the NRO Freedom of Information Act ("FOIA") Appellate Authority.

2.  The National Reconnaissance Office is responsible for the research, development, acquisition and operation of overhead reconnaissance systems for the collection of intelligence essential for U.S. National Security. The NRO develops and

operates highly sensitive spy satellites. The NRO does not analyze the information and therefore does not produce finished intelligence.

3. I am familiar with the above-captioned litigation and Plaintiff's FOIA request that is the subject of this case. I make the following statements based upon my personal knowledge, information made available to me in my official capacity, the advice and counsel of the NRO Office of General Counsel, and conclusions I reached and determinations I made in accordance therewith.

4. The purpose of this Declaration is to explain on the public record the NRO's response to Plaintiff's request for information under FOIA. I have made a determination to withhold responsive information because:

    a. The document containing information responsive to Plaintiffs FOIA request is within the operational files of the NRO.

    b. Since the responsive document is within operational files, the information withheld is exempt from search, review or disclosure under the FOIA.

5. Plaintiff initially submitted a FOIA request to NRO on 22 March 2005, seeking a copy of all unclassified portions of the NRO Congressional Budget Justification Book (CBJB) for Fiscal Year 2006 (TAB A).

6. On 29 March 2005, the NRO denied the request on the grounds that should any responsive records exist, they would be contained in operational files which according to the Intelligence Authorization Act for 2003 ("IAA"), are exempt from the search, review or disclosure provisions of the FOIA (TAB B).

7. On 7 April 2005, Plaintiff submitted an appeal of the denial (TAB C).

8. On 18 May 2005, the NRO denied the appeal citing the operational file exemption (TAB D).

9. On 30 June 2005, the Plaintiff filed a Complaint for Declaratory and Injunctive Relief under the FOIA.

10. NRO's Answer to the Complaint was filed on 10 August 2005.

11. Section 502 of the IAA for 2003, Public Law 107-306, codified at 50 U.S.C. §432a, provides that the Director, NRO with the coordination of the Director of National Intelligence (previously the Director of Central Intelligence ("DCI"), may exempt operational files of the NRO from the search, review or disclosure provisions of the FOIA.

12. A listing of NRO files proposed by the Director, NRO for designation under Section 502, was approved by the DCI on 8 April 2003 (TAB E).

13. The Operational File Designation List approved by the DCI includes Budget and Finance Records Files. This category specifically includes consolidated budget estimates and justifications for the entire NRO program. As I will describe below, the FY 2006 CBJB requested by Plaintiff clearly falls within this category.

14. The NRO prepares the FY 2006 CBJB for submission to the Director of National Intelligence ("DNI"). Once the DNI approves the NRO submission, it is included within the President's budget submission for the Intelligence Community. The FY 2006 CBJB is a compendium of all NRO programs, with budget estimates and justification for those programs. In other words, the FY 2006

4

CBJB is a roadmap to the NRO's highly sensitive programs and activities.

15. Plaintiff contends that the FY 2006 CBJB loses its protected status because it was disseminated. 50 U.S.C. §432a provides that files which are the sole repository of disseminated intelligence are not operational files. The CBJB includes detailed information on the means and methods used to collect intelligence; it does not, however, contain intelligence. Also, the CBJB is a compilation of information contained in other documents and budget submissions and thus is not the sole repository of information. The mere fact that the FY 2006 CBJB was disseminated to the DNI for approval and for inclusion in the President's budget has no bearing whatsoever on its status as a document properly within operational files.

16. The FY 2006 CBJB manifestly fits within the category of operational files discussed in paragraph 12 above. Plaintiffs request for only the unclassified portions misses the point. The entire document is within operational files and is thus exempt from search, review or disclosure under the FOIA.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of November 2005.

_____
Pamela S. Tennyson
Deputy Director for Administration
National Reconnaissance Office

6