IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEVEN AFTERGOOD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RECONNAISSANCE )<br>OFFICE )<br>)<br>Defendant. )<br>) | Case No. 05-1307 (RBW) |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Introduction

This is a Freedom of Information Act proceeding in which plaintiff *pro se* Steven Aftergood seeks disclosure of unclassified portions of the Fiscal Year 2006 Congressional Budget Justification Book (CBJB) for the National Reconnaissance Office (NRO). The requested record has been denied by defendant NRO on grounds that this material is exempt from processing under FOIA as an "operational file" pursuant to 50 U.S.C. § 432a. Both parties filed motions for summary judgment on December 5, 2005. Plaintiff's opposition to defendant's motion for summary judgment follows below.

In summary, plaintiff contends that defendant has misconstrued the operational files exemption and invoked it in a manner that is contrary to the statute and the legislative history.

Specifically, plaintiff argues below (1) the requested record should not be maintained in operational files because it contains significant releasable information;  and (2) that records such as the NRO budget justification book that are disseminated outside of a designated operational file lose their exempted status.

**1.  The CBJB is Improperly Designated as an Operational File Because it Contains Significant Releasable Information.**

Defendant's designation of the CBJB as an operational file is contrary to legislative intent because the CBJB contains significant releasable information.  In enacting the operational files exemption, Congress specifically intended to preserve undiminished public access to such information.

The legislative history of the Central Intelligence Agency's operational files exemption, upon which the NRO's exemption is closely modeled, is replete with statements that public access to releasable information shall not be affected by the operational files exemption.  For example:

"The Committee considered and unanimously approved this bill as amended because it relieves the CIA of serious burdens imposed by the Freedom of Information Act without diminishing the amount of meaningful information released to the public." *Intelligence Information Act of 1983*, S.Rpt. 98-305, p. 10.

"The bill is designed carefully to ensure that it will result in exemption only of those sensitive operational files which experience under the FOIA has shown do not contain significant releasable information." *Central Intelligence Agency Information Act*, H.Rep. 98-726, pt. 1, p.14.

2

"The Committee considered it to be <u>of primary importance</u> in providing CIA relief from undue FOIA processing burdens to preserve undiminished the amount of meaningful information releasable to the public under the FOIA." *Id.*, p. 17 (emph. added).

These strong, consistent expressions of legislative intent to preserve undiminished public access are at odds with NRO's practice in this case.

Experience under the FOIA has demonstrated that there is "significant releasable information" contained in the NRO Congressional Budget Justification Book.

Thus, more than 100 partially or completely declassified pages out of the approximately 300 pages contained in the FY 1998 CBJB proved to be releasable in 2004 in response to a FOIA request from plaintiff. Second Declaration of Steven Aftergood, 01/09/2006, ¶ 5.

In fact, the publicly released material from the FY 1998 NRO CBJB represents the most detailed official account of NRO activities at the time that has ever been publicly disclosed. Second Aftergood Decl., ¶ 8.

Defendant contends that "release of portions of CBJB's from years prior to the 2003 [sic] passage of 50 U.S.C. § 432a are completely irrelevant to this case. Prior to the enactment of this statute, operational files were subject to search and review and if not exempt, release under the FOIA…. Clearly this statute significantly changed the status of operational files of the NRO, such as the CBJB." Def. Motion for Sum. Jud., 12/05/2005, at p. 7.

But this is both misleading and beside the point. Plaintiff's successful FOIA request for the FY 1998 CBJB was not processed until <u>after</u> the 2002 enactment of the NRO operational files exemption. NRO admits that it initially denied plaintiff's request by invoking its new operational files exemption. Defendant's Answer, 08/10/2005, ¶ 7. In fact, the FY 1998 CBJB arguably does fall within the expansive scope of the NRO Operational File Designation List,

3

since the List fails to distinguish among designated files by their date of creation.  Defendant's Exhibit 1, TAB E.

Yet despite its initial status as an exempted operational file, upon review under FOIA the FY 1998 Budget Justification Book yielded significant releasable information.  Second Aftergood Declaration, ¶¶ 4-5.

Based on this experience under the FOIA, and given the stable institutional structure of the NRO as well as the continuity of many NRO programs and activities, there is every reason to expect that the FY 2006 NRO Budget Justification Book also includes significant releasable information.

Conversely, there is no known case in which FOIA review of the CBJB has failed to yield significant releasable information.  Second Aftergood Declaration, ¶ 9.

To withhold the requested document as an operational file is therefore contrary to legislative intent, which held that undiminished public disclosure of releasable information is "of primary importance."  H.Rep. 98-726, pt. 1, p. 17.

**2.  Defendant Misconstrues the Effect of Dissemination on Operational Files**

Even if the CBJB had been properly designated as an operational file, it would have lost its exempted status by being disseminated within and without the agency.

Defendant NRO proposes that only those disseminated files that are the sole repository of intelligence can be excluded from the operational files category.  Defendant's Motion at p. 8.  But the statute says more than that.  In particular:

"Records from exempted operational files which have been disseminated to and referenced in files that are not exempted under paragraph (1) and which have been returned to

4

exempted operational files for sole retention shall be subject to search and review." 50 U.S.C. § 432a(4)(D).

Significantly, this provision refers to "records" and not to "intelligence." Plainly, the CBJB is a record. It is also clear that the CBJB has been disseminated and referenced beyond its original file location. Aftergood Declaration, 12/05/2005, ¶¶ 5-7. Finally, the CBJB must be solely retained in what NRO considers to be exempted operational files, since if that were not the case NRO would be obliged to retrieve it from the non-operational file location and to process it under FOIA.

"[E]ven 'particularly sensitive records,' by virtue of having been disseminated or identified beyond their originating operational files, become subject to FOIA search and review, subject always to later proof of specifically available FOIA exemption." *American Civil Liberties Union v. Department of Defense,* 351 F.Supp. 2d 265, at 274 (interpreting an identical provision in the CIA operational files exemption).

By virtue of having been disseminated beyond its originating operational file, the requested record is subject to FOIA search and review.

Conclusion

The NRO operational files exemption is a procedural exemption, not a substantive one. In other words, it was intended to improve the functioning of the FOIA process, not to exclude otherwise releasable information from public access.

Yet defendant NRO has employed the operational files exemption in such a way as to curtail lawful public access to government records such as the CBJB.

For the reasons discussed above, plaintiff respectfully requests that the Court deny

defendant's motion for summary judgment, and grant plaintiff's motion.


Dated:  January 9, 2006                    Respectfully submitted,


                                           _____
                                           STEVEN AFTERGOOD
                                           Plaintiff *pro se*
                                           2501  M  Street N.W., #706
                                           Washington, D.C.   20037
                                           (202)454-4691

6