IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN AFTERGOOD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RECONNAISSANCE )<br>OFFICE )<br>)<br>Defendant. )<br>) | Case No.  05-1307 (RBW) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Introduction

This is a Freedom of Information Act proceeding in which plaintiff *pro* se  Steven Aftergood seeks disclosure of unclassified portions of the Fiscal Year 2006 Congressional Budget Justification Book (CBJB) for the National Reconnaissance Office (NRO).  The requested record has been denied by defendant NRO on grounds that this material is exempt from processing under FOIA under the "operational files" exemption, 50 U.S.C. § 432a.  Both parties filed motions for summary judgment on December 5, 2005.  Parties filed their opposition to those motions on January 9, 2006.  Plaintiff's reply to defendant's opposition follows below.

The dispute between the parties has now narrowed considerably.  Significantly, all of the material facts presented in plaintiff's motion remain uncontroverted, and plaintiff has declined

the opportunity provided in Local Rule 7.1(h) to present its own material facts in dispute.

Moreover, all parties are in agreement that the NRO operational files exemption, 50 U.S.C. § 432a, is to be understood in light of the legislative history of the CIA Information Act, 50 U.S.C. § 431, upon which it was modeled.[1]

Yet there remains a fundamental disagreement about the meaning of the exemption. According to Defendant, "Plaintiff's interpretation of the statute contradicts the plain language of the statute and nothing in the case law cited by Plaintiff supports such a strained interpretation." Def. Opp., 01/09/06, at p. 1.

But in fact, it is Defendant that has misconstrued the statute and the case law, as explained below. Among several fatal errors, Defendant has (1) failed to distinguish between "files" and "records," leading to a muddled understanding of the statute, and (2) failed to perceive that the exempt status of <u>any</u> record contained in operational files, not just sensitive intelligence records, may be nullified by dissemination of that record.

**1. Defendant Misses the Distinction Between "Files" and "Records"**

Defendant has generated needless confusion by using the terms "file" and "record" interchangeably, leading to a mistaken interpretation of the operational files exemption.

"The NRO CBJB clearly meets the definition of an operational file, and was properly designated an operational file," according to Defendant. Def. Opp. at p. 1.

But the CBJB is not an operational file, it is a <u>record</u> that is contained within an

---

1 All parties accept the relevance of the legislative history of the CIA Information Act. Defendant cited it in Defendant's Opposition, 01/09/06, at p. 5. Plaintiff cited it at several points in Plaintiff's Opposition, and amicus National Security Archive presented a thorough analysis of the legislative history in its January 9 brief.

2

operational file.

The failure to grasp the distinction between an operational file and a record within such a file leads Defendant to construe several provisions of the statute in a way that renders them meaningless or absurd.[2]  Thus, by Defendant's lights, it would be physically impossible to disseminate the CBJB outside of its original file location, as described in 50 U.S.C. § 432a(a)(4)(D) -- because the CBJB is its own file.  Even upon dissemination, it would remain in its original location.

Likewise, defendant garbles another provision when arguing that "the plain language of the statute requires that a <u>record</u> be the 'sole repository' of the disseminated intelligence to be precluded from the operational file designation." Def. Opp. at p. 3 (emph. added).  But the statute refers to a "file," not a "record."  50 U.S.C. § 432a(a)(2)(B).

This is a significant error that leads Defendant astray.  It may be, as Defendant says, that the CBJB itself is not the sole repository of disseminated information requested by plaintiff.  But the exempted operational <u>files</u> in which the CBJB is contained <u>are</u> the sole repository of such information.[3]  The fact that the requested information, having been disseminated, is solely retained in operational files gives compelling force to 50 U.S.C. § 432a(a)(4)(D):

> Records from exempted operational files which have been disseminated to and referenced in files that are not exempted under paragraph (1) and which have been returned to exempted operational files for sole retention shall be subject to search and review.

---

2  On occasion, Defendant has correctly described the CBJB as a "document… within operational files." See, e.g., Declaration of Pamela Tennyson, at ¶ 16.

3  If the requested information in the 2006 CBJB existed outside of an operational file, Defendant would have been obliged to process it under FOIA.  Since Defendant has not done so, Plaintiff deduces that the requested information is solely retained in operational files.

3

**2. The Effect of Dissemination is Broad, Not Narrow**

Defendant argues that dissemination only nullifies the exempt status of records from operational files in the case of "disseminated intelligence." Def. Opp. at p. 3. But that is demonstrably false.

As previously noted by plaintiff and by amicus, 50 U.S.C. § 432a(a)(4)(D) refers broadly to "<u>records</u> from operational files which have been disseminated" and not exclusively to "intelligence," as Defendant would have it.

Defendant cites the Court's interpretation of an identical provision from the CIA Information Act in a mistaken attempt to argue that the effect of dissemination applies only to certain "intelligence products of extremely sensitive sources." Def. Opp. at p. 5, citing <u>ACLU v. DOD</u> 351 F. Supp. 2d 265 (S.D.N.Y. 2005).

But the Court there made clear that dissemination of <u>any</u> records -- not just sensitive intelligence products -- outside of an operational file nullifies their exempt status. To cite the <u>ACLU</u> Court once more:

> Thus, <u>even</u> "particularly sensitive records," by virtue of having been disseminated or identified beyond their originating operational files, become subject to FOIA search and review, subject always to later proof of specifically available FOIA exemption.

351 F. Supp. 2d 265, at 274 (emph. added).

<u>Even</u> particularly sensitive records become subject to FOIA when they are disseminated, the Court said, not <u>only</u> particularly sensitive records.

The effect of dissemination of records described in 50 U.S.C. § 432a(a)(4)(D) is broadly applicable to all disseminated records. Defendant cannot account for the Court's use of the word "even," which demonstrates that Defendant's narrow reading of the provision is incorrect.

4

<u>Conclusion</u>

Since all parties agree that the requested record has been disseminated beyond its originating operational file, the conclusion is inescapable that the requested record must be processed under FOIA.

Dated: January 25, 2006                                     Respectfully submitted,


                                                            _____
                                                            STEVEN AFTERGOOD
                                                            Plaintiff *pro se*
                                                            2501 M Street N.W., #706
                                                            Washington, D.C. 20037
                                                            (202)454-4691