IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN AFTERGOOD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1307 (RBW) |
| ) | |
| NATIONAL RECONNAISSANCE ) | |
| OFFICE ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT
<u>TO COMPLY WITH COURT ORDER</u>**

    Plaintiff *pro* se Steven Aftergood respectfully moves the court pursuant to the Freedom of Information Act, 5 U.S.C. § 552, to compel defendant National Reconnaissance Office ("NRO") to comply with the court's July 24, 2006 order directing defendant to process plaintiff's Freedom of Information Act ("FOIA") request.

<u>BACKGROUND</u>

    On July 24, 2006, the court ordered defendant NRO to process plaintiff's FOIA request since, the court determined, the requested material did not meet the statutory definition of "operational files" that are exempt from FOIA processing.

    In an August 29, 2006 email message to plaintiff, defendant's counsel advised that "The NRO is processing your request now. They estimate 30-45 days to process the request."

On September 20, 2006, defendant NRO filed a notice of appeal.

On November 7, after the requisite 30-45 day period to complete processing had elapsed, plaintiff contacted opposing counsel to inquire when a final response to the FOIA request could be expected.

In a November 30 email reply, defendant's counsel indicated that defendant had "decided not to produce the document(s) in question in light of the pending appeal."[1]

Plaintiff believes that defendant's refusal to complete processing of the request is a violation of the court's order and of the Freedom of Information Act, since no stay of the order has been requested or granted.

## ARGUMENT

The mere act of filing a notice of appeal does not relieve defendant of its obligation to process plaintiff's request.

> A posttrial motion, seeking a new trial or some similar kind of relief, does not stay the judgment. The party in whose favor the judgment runs is free to have execution on it or to bring proceedings to enforce it….

11 Charles Alan Wright, Arthur R. Miller and Mary K. Kane, Federal Practice and Procedure § 2903 at 495 (2d ed. 1995).

The execution of a court order cannot be stayed by a party's "decision" to suspend compliance with the order.

> There is no automatic stay in actions for injunctions; in those actions a judgment, whether interlocutory or final, may be stayed only by order of court. If no stay has been obtained, an injunction that the district court has granted remains in effect.

Id., § 2904 at 498.

---

1  Plaintiff certifies under penalty of perjury that the factual assertions presented in this motion

In the present case, no stay has been sought or granted. The order remains in effect.

On a motion for a stay, "it is the movant's obligation to justify the court's exercise of such an extraordinary remedy." Cuomo v. United States Nuclear Regulatory Comm., 772 F.2d at 978. In this case, the defendant has seized the "extraordinary remedy" without even attempting to meet the obligation to justify its (in)action.

The decision whether to grant a stay is a matter of the court's discretion. Fed. R. Civ. Pr. Rule 62(c). By unilaterally "staying" its own compliance with the court's order, defendant has usurped the court's discretion and deprived plaintiff of the response to which he is entitled.

Plaintiff therefore moves that defendant be compelled to comply with the court's order.[2]

## AUTHORITY

The Freedom of Information Act, 5 U.S.C. § 552, provides that "the district court… has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

Further, the Court has plenary power to regulate the proceedings before it in a fair and efficient manner.

"[T]he power [is] inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 1936, 57 S.Ct. 163, 166, 299 U.S. 248, 254-255.

## CONCLUSION

---

are true and correct to the best of plaintiff's knowledge and belief.
2 As required by local rules, plaintiff conferred with opposing counsel, but the parties could not reach agreement on how to proceed.

3

For the above-stated reasons, plaintiff respectfully requests that the court compel defendant to comply with the court's July 24 order and to provide a final response to plaintiff's FOIA request by a date certain. A proposed order is attached.

Dated: December 18, 2006                    Respectfully submitted,

_____
STEVEN AFTERGOOD
Plaintiff *pro se*
2501 M Street NW, #706
Washington, DC  20037
(202)454-4691